Patric A. Lester (SBN 220092)
pl@lesterlaw.com
**Lester & Associates**
5694 Mission Center Road, #385
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Scott M. Grace (SBN 236621)
sgrace@lawlh.com
**Luftman, Heck & Associates, LLP**
1958 Sunset Cliffs Blvd.
San Diego, CA 92107
Phone: (619) 346-4612
Fax: (619) 923-3661

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN S MAKEIJ, | Case No. **'12CV3045 JLS  DHB** |
| Plaintiff, | COMPLAINT |
| vs. | |
| HUNT & HENRIQUES AND PORTFOLIO RECOVERY ASSOCIATES | |
| Defendants. | |

**INTRODUCTION**

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.      The California legislature has determined that the extension of consumer credit through banking and business transactions is dependent upon the collection of just and owing debts, yet unfair or deceptive collection practices undermine the public confidence essential to the continued functioning

of a sound banking and credit system. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, John S Makeij, (hereinafter "Plaintiff") against Hunt & Henriques and Portfolio Recovery Associates (hereinafter "Defendants" unless specifically referred to by name) for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA")[1], the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. (hereinafter "the Rosenthal Act")[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge.

## JURISDICTION AND VENUE

5. This action arises out of Defendants' violations of the FDCPA and Rosenthal Act.

6. Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47 U.S.C. § 277 et seq. and 28 U.S.C. § 1367 for supplemental state claims.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

## THE PARTIES

9. Plaintiff is a natural person residing in San Diego County, California.

10. Plaintiff is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and California Civil Code section 1788.2(f) and allegedly owed to Capitol One Bank, N.A. (hereinafter "Debt").

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act

11. Plaintiff is a "debtor" as that term is defined by California Civil Code section 1788.2(h).

12. Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

13. Hunt & Henriques was acting as an employee and agent of Portfolio Recovery Associates as well as on its own, and therefore, Portfolio Recovery Associates can be held responsible and is vicariously liable for the conduct of Hunt & Henriques.

14. Defendants are persons and/or business entities who uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by § 1692a(6).

15. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code section 1788.2(b), and are therefore debt collectors as that term is defined in California Civil Code section 1788.2(c).

## FACTUAL ALLEGATIONS

16. Prior to June 2008, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt. Plaintiff currently neither admits nor denies that the debt is valid.

17. Prior to June 2010, the alleged debt was assigned, placed or otherwise transferred to Defendants for collection.

18. At various and multiple times prior to the filing of the instant complaint, including within one (1) year preceding the filing of this complaint, Defendants contacted Plaintiff in attempts to collect the debt as defined by § 1692a (5) of the FDCPA and the consumer debt as defined by California Civil Code section 1788.2(f) of the Rosenthal Act.

19. On or about April 9, 2011, Plaintiff mailed Hunt & Henriques a certified letter requesting it cease further communications with him. This letter was never returned to Plaintiff as undeliverable.

20. Subsequently and within the past year, Defendants wrote letters and made phone calls to Plaintiff attempting to collect the debt.

21. These calls and letters were each individually and cumulatively in violation of §1692c(c) as communications made after a cease communications letter was sent to the Defendants by Plaintiff.

22.     Because the above stated conduct violated certain portions of the FDCPA, as these portions are incorporated by reference in California Civil Code section 1788.17, each of the foregoing acts and omissions also violated California Civil Code section 1788.17.

23.     As a result of the above violations of the FDCPA and the Rosenthal Act, Plaintiff suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury and Defendants are liable for Plaintiff's actual and statutory damages, costs and attorney's fees.

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

24.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

25.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 et seq.

26.     As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from Defendants.

## SECOND CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

27.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

28.     Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendants' violations, as enumerated above, of the FDCPA.

29.     Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendants' violations, as enumerated above, of the Rosenthal Act.

30.     Pursuant to California Civil Code section 1788.32, the remedies provided under California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

31.     As a result of each and every violation by Defendants of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under California Civil Code section 1788.30(a), statutory damages of $1000.00 under California Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of California Civil Code section 1788.17, and attorney's fees and costs under California Civil Code section 1788.30(c), from the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and for Plaintiff, and prays for the following relief:

(1) Assume jurisdiction in this proceeding;

(2) Declare that the Defendant violated the FDCPA;

(3) Declare that the Defendant violated the Rosenthal Act;

(4) Award of actual damages in accordance with proof at trial, pursuant to §1692k(a)(1) and California Civil Code section 1788.30(a);

(5) Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

(6) Award of statutory damages of $1,000.00 pursuant to California Civil Code section 1788.17[3] ;

(7) Award of the costs of litigation and reasonable attorney's fees, pursuant to §1692k (a) (3) and California Civil Code section 1788.30(c);

(8) Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

32.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated December 21, 2012          **Lester & Associates**
                              By  *s/ Patric A. Lester*
                                  Patric A. Lester
                                  Attorney for Plaintiff,
                                  E-mail: pl@lesterlaw.com

---

[3] § 1692k(a)(2)(A) of the FDCPA

5

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John S Makeij

**DEFENDANTS**
Hunt & Henriques and Portfolio Recovery Associates

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patric A. Lester, Lester & Associates, 5694 Mission Center Rd. #358, San Diego, Ca., 92108 (619)-665-3888

Attorneys (If Known)
**'12CV3045 JLS DHB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | [x] 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC §1692 et. seq

Brief description of cause: Fair Debt Collection Practices Act violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: December 21, 2012
SIGNATURE OF ATTORNEY OF RECORD
/s/ Patric A. Lester

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.          Example:          U.S. Civil Statute: 47 USC 553
                                                Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.